**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 0:25-cv-14198-AMC**

**CYBERCREW STUDIOS, LLC, a Delaware Limited Liability Company, and ØYVIND ENGEVIK, an individual resident of Norway,**

**Plaintiffs,**

**v.**

**BRENDEN DEARIE, an individual resident of Arizona,**

**Defendant.**

______________________________________/

**JOINT DISCOVERY PLAN**

COME NOW, the Parties, jointly, and pursuant to the Court's Orders [DE 35, 37 and 50], and file this Joint Discovery Plan as follows:

1) an estimated valuation of the case;

The estimated valuation of the case is yet to be determined. This case involves Plaintiffs' claims for a declaration of rights in trademarks and injunctive relief. Defendant has asserted counterclaims for breach of contract, unjust enrichment, quantum meruit, conversion, breach of fiduciary duty, and fraud, seeking monetary damages and declaratory relief. Once experts are retained to properly value the trademarks and assess damages on both Plaintiffs' and Defendant's claims, the Parties will supplement this response.

2) the subjects on which discovery may be needed;

Subjects of discovery include, but are not limited to: - Ownership agreements and oral agreements regarding CyberCrew Studios - Trademark assignments, applications, and first-use

facts - Development duties and obligations for video games - Copyright issues related to characters and artwork developed - Investments, expenses, and financial contributions made by the Parties - Formation of CyberCrew Studios LLC, including Delaware incorporation documents and timeline - Discord server logs, communications, and administrative records - Evidence of Defendant's work product and contributions to CyberCrew - Financial records of CyberCrew Studios, including income, expenses, and distributions - Communications regarding ownership, compensation, and business operations - Investments, fundraising activities, and investor agreements - Revenue from game sales, pre-orders, Epic Games funding, or other sources - Distributions, payments, or transfers of funds from CyberCrew Studios - Social media posts, emails, text messages, and other electronic communications

(3) whether the parties can agree to limit discovery on particular issues through stipulation;

The Parties have agreed to work together to limit by stipulation discovery issues where appropriate.

(4) what document discovery is needed;

Document discovery needed includes: - All ownership agreements, operating agreements, and formation documents for CyberCrew Studios LLC - All trademark applications, assignments, and correspondence with USPTO - All communications (emails, texts, Discord messages, social media) regarding CyberCrew Studios, trademark ownership, business operations, or the disputes at issue - All financial records, including bank statements, income records, expense records, and distribution records for CyberCrew Studios - All documents related to ventures using CyberCrew branding - All documents related to Defendant's work product, contributions, and role in CyberCrew Studios - All documents related to the Delaware LLC formation, including formation date and documents - Discord server logs, administrative records, and member communications -

Development duties and obligations for video games - Copyright related issues as to characters developed - First-use facts for trademarks - Investments made by the Parties - All investor agreements, pitch decks, fundraising materials, and correspondence with investors - All revenue records, including game sales, pre-orders, Epic Games funding or agreements, crowdfunding, or other income sources - All distribution records showing payments or transfers of funds from CyberCrew Studios to any person or entity

(5) whether the parties expect to have ESI discovery and, if so, the main information sought and the form in which ESI discovery will be produced;

The Parties anticipate that ESI (Electronically Stored Information) discovery will be needed, including but not limited to Discord server logs, private conversation threads between individuals or groups pertaining to the pending claims, emails, text messages, social media communications, and electronic documents related to CyberCrew Studios' formation and operations. ESI will be produced in native format or PDF, as appropriate, with metadata preserved where relevant.

(6) the need for a confidentiality agreement/protective order;

At this time, a confidentiality agreement/protective order is not required. However, if financial information or other sensitive information is sought in discovery, and it is deemed at that time to be subject to confidentiality or protection, then the Parties agree to exchange a draft to be agreed as to its terms.

Note: due to defendant's experience with the individuals involved, and the parties on the opposing side having repeatedly broken agreements; defendant has serious concerns about whether agreements will be upheld by the opposition.

(7) what individuals each side intends to depose;

Plaintiff expects to depose, but is not limited to, Brenden Dearie, and any experts.

Defendant expects to depose: - Øyvind Engevik - Brian Ward (also known as Tanashi), game developer - Max Rioux (also known as Betty), main developer

- Any other individuals with knowledge of the formation of CyberCrew Studios, trademark ownership, business operations, or the matters alleged in the Complaint and Counterclaims including and not limited to anyone on the Taiko team, or Epic Games.

(8) any issues about claims of privilege or of protection.

At this time there do not appear to be issues related to privilege or protection. In the event that the issue does arise, the Parties will work together to draft an appropriate agreement as to protecting the information sought.

Dated: January 28, 2026

For Plaintiffs:

By:/s/ Louis R. Gigliotti/ /
Louis R. Gigliotti, Esq.
Florida Bar No. 71935
114 Goya Way
St. Augustine, FL 32086
Ph: (954) 471-4392
Email: lgigliotti@bellsouth.net

For Defendant:

s/ Brenden Dearie
Brenden Dearie, Pro Se
221 E. Indianola Ave.
Phoenix, AZ 85012
Email: Compliance@protocolgemini.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via ECF on this 28th day of January 2026.

By: /s/Brenden Dearie

Brenden Dearie, Pro Se